UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MONICA HORN, individually and derivatively on
behalf of nominal defendant HOME & GARDEN
IMPORTS BY TERRACOTTA SALES, INC.,

                              Plaintiff,

              -against-

BRIAN KIREY

                              Defendant,

              and

HOME & GARDEN IMPORTS BY TERRACOTTA
SALES, INC., a New York Corporation,

                              Nominal Defendant.

-----------------------------------------------------------X

APPEARANCES:

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   DEC 1 4 2017   ★

LONG ISLAND OFFICE

MEMORANDUM AND ORDER

CV 17-889

(Wexler, J.)

        CAMPANELLI & ASSOCIATES, P.C.
        BY:    AMANDA R. DISKEN, ESQ.
        Attorneys for Plaintiff
        1757 Merrick Avenue, Suite 204
        Merrick, New York 11566

        FABRICANT LIPMAN & FRISHBERG, PLLC
        BY:    NEIL D. FRISHBERG, ESQ.
        Attorneys for Defendant
        One Harriman Square
        P.O. Box 60
        Goshen, New York 10924

-1-

WEXLER, District Judge:

Before the Court is Defendant's motion to dismiss for improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(3), on the grounds that the parties' shareholders agreement contains a forum selection clause mandating that this action should proceed in the state courts of New York. Plaintiff opposes the motion on the grounds that enforcing the forum selection clause would be unreasonable and unjust. For the following reasons, Defendant's motion is granted.

## BACKGROUND

Plaintiff, Monica Horn ("Horn"or "Plaintiff"), and Defendant, Brian Kirey ("Kirey" or "Defendant"), each own fifty percent of all outstanding shares of Nominal Defendant Home & Garden Imports by Terracotta Sales, Inc. ("HGI"), a New York corporation. (Compl. ¶ 1.) Horn and Kirey also comprise the Board of Directors of HGI. (Id.) Jurisdiction is based on diversity here as Horn resides in New York and Kirey resides in Florida. (Id. ¶¶ 6-7.) HGI's principal place of business is New York. (Id. ¶ 8.)

In 2009, Horn and Kirey formed HGI, which is engaged in the business of importing, exporting and selling various home and garden related products. (Id. ¶ 10.) On October 4, 2014, Horn and Kirey entered into a written shareholders agreement (the "Agreement"), which included a covenant not to compete with HGI, as well as an agreement to work together until at least 2025. (Id. ¶ 12; Kirey Decl., Ex. D.)

In February 2016, Kirey created a new company, Lawn and Garden Imports, Inc. ("LGI"), a Florida Corporation. (Id. ¶ 14.) Kirey built and profited from LGI behind Horn's back and at the expense of Horn and HGI, by, among other things, incurring expenses for LGI while

-2-

reimbursing himself through HGI. (Id. ¶ 15.) For example, Kirey took various all expenses paid business trips, including two to the Far East, on HGI's account, while there to acquire business for LGI. (Id.)

Moreover, Kirey has cashed checks made payable to HGI for his own personal or business reasons. (Id. ¶ 16.) Kirey has instructed HGI's clients to make payments directly to LGI and has altered HGI invoices such that the letterhead identifies LGI as the contractor, rather than HGI. (Id.) In addition, Kirey has solicited and acquired business from HGI clients and diverted it to LGI. (Id. ¶ 17.)

Kirey has also made false statements about Horn to HGI clients and has prevented Horn from carrying out HGI business by moving the domain name without Horn's knowledge or consent and forwarding Horn's emails to his own private account. (Id. ¶ 19.) Finally, Kirey deleted Horn's entire corporate email account. (Id.)

Horn commenced the within action on February 16, 2017, alleging ten causes of action, all brought pursuant to New York State law: (1) breach of fiduciary duty to HGI; (2) breach of fiduciary duty to Horn; (3) conversion; (4) wrongful diversion; (5) usurpation of corporate opportunities; (6) breach of contract; (7) breach of the implied covenant of good faith and fair dealing; (8) removal of Kirey as an officer, pursuant to New York Business Corporation Law § 716; (9) attorney's fees and costs, pursuant to New York Business Corporation Law § 626(e); and (10) defamation. Kirey now moves to dismiss the action for improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(3), based on the forum selection clause contained in the parties' Agreement, which mandates that any action be brought in New York State court. Horn opposes the motion on the grounds that this case requires the broad subpoena power of the

-3-

federal courts and that being forced to litigate in state court will effectively deprive her of her day in court.

DISCUSSION

I.   <u>Legal Standard</u>

"The [Supreme] Court [has] held that generally 'the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of forum non conveniens.'" <u>AMTO, LLC v. Bedford Asset Mgmt., LLC</u>, 168 F. Supp. 3d 556, 563 (S.D.N.Y. 2016) (quoting <u>Martinez v. Bloomberg LP</u>, 740 F.3d 211, 216 (2d Cir. 2014)) (additional citation omitted) (alterations in original). Here, Kirey brings his motion pursuant to Federal Rule of Civil Procedure 12(b)(3). As Horn points out, and has the Supreme Court has held, this is not the proper mechanism for enforcing a forum selection clause. <u>See</u> <u>Atlantic Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.</u>, 134 S. Ct. 568, 580 (2013). However, "[b]ecause the Supreme Court's decision in <u>Atlantic Marine</u> merely clarified the procedural vehicle through which forum selection clauses are enforced and did not significantly alter the substantive analysis of the clauses, the Court will deem [Kirey's] motion to dismiss on the basis of the forum selection clause as proceeding under the forum non conveniens doctrine." <u>AMTO</u>, 168 F. Supp. 3d at 564 n.8 (citing <u>Midamines SPRL Ltd. v. KBC Bank NV</u>, No. 12-CV-8089, 2014 WL 1116875, at *2 n.3 (S.D.N.Y. Mar. 18, 2014)).

"[S]ubstantial deference" is given to forum selection clauses in the Second Circuit, particularly when "the choice of forum was made in an arm's-length negotiation . . . ." <u>New Moon Shipping Co. v. MAN B & W Diesel AG</u>, 121 F.3d 24, 29 (2d Cir. 1997) (quotation

-4-

omitted). In fact, the Supreme Court has instructed that "[w]hen parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations." Atlantic Marine, 134 S. Ct. at 583. "In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain." Id.

II.    Forum Non Conveniens

When determining whether to enforce a forum selection clause, the Court must undertake a four-part analysis: (1) "whether the clause was reasonably communicated to the party resisting enforcement"; (2) whether the clause is "mandatory or permissive, i.e. . . . . whether the parties are required to bring any dispute to the designated forum or simply *permitted* to do so"; and (3) "whether the claims and parties involved in the suit are subject to the forum selection clause." Martinez, 740 F.3d at 217 (quoting Phillips v. Audio Active Ltd., 494 F.3d 378, 383 (2d Cir. 2007)) (emphasis in original). "If the forum selection clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable." Martinez, 740 F.3d at 217 (quoting Phillips, 494 F.2d at 383). "A party can overcome this presumption only by (4) 'making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" Martinez, 740 F.3d at 217 (quoting Phillips, 494 F.2d at 383-84) (additional citation omitted).

Here, the forum selection clause contained in the parties' Agreement states as follows:

> The parties hereto explicitly agree that the Courts of the State of New York shall have sole and exclusive jurisdiction over any and all controversies arising directly or indirectly from this Agreement, and

> the parties hereby expressly consent to the jurisdiction of the Courts of the State of New York, including, but not limited to, the Supreme Courts located within the Counties of Nassau and Suffolk, for any and all such controversies.

(Kirey Decl., Ex. D § 18.) The parties do not dispute that the forum selection clause was communicated to Horn or that it has mandatory force since the language used incorporates the word "shall." Accordingly, the Court need not address those factors.

Horn does raise a limited argument with respect to the third factor - whether the forum selection clause covers all of the claims herein - by asserting that her claims for defamation and injurious falsehoods do not arise directly or indirectly from the Agreement. The Court disagrees. Every claim at issue in this action stems from Kirey's purported breach of the Agreement. Horn alleges that Kirey defamed her and made injurious falsehoods about her to HGI clients in order to procure their trust and confidence so that they would move their business to his newly formed corporation, LGI - a corporation that he allegedly formed in violation of the Agreement. Accordingly, Horn's claims for defamation and injurious falsehoods do arise indirectly from the Agreement and are therefore covered by the forum selection clause. As such, the Court finds the forum selection clause to be presumptively enforceable.


III.     Rebutting the Presumption

Once a forum selection clause is found to be presumptively enforceable, "the burden shifts to the non-moving party to 'rebut the presumption of enforceability by making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" Magi XXI, Inc. v. Stato della Citta del

Vaticano, 818 F. Supp. 2d 597, 610 (E.D.N.Y. 2011) (quoting Phillips, 494 F.3d at 383-84) (additional citation omitted). This exception to enforcement has been construed narrowly, see Roby v. Corp. of Lloyd's, 996 F.3d 1353, 1363 (2d Cir. 1993), "and a party opposing the enforcement of a presumptively enforceable forum selection clause on the basis of unreasonableness 'bears a heavy burden.'" Magi XXI, 818 F. Supp. 2d at 610 (quoting New Moon Shipping Co., 121 F.3d at 32).

Courts will decline to enforce a forum selection clause if: "(1) its incorporation was the result of fraud or overreaching; (2) the law to be applied in the selected forum is fundamentally unfair; (3) enforcement contravenes a strong public policy of the forum" in which suit is brought; "or (4) trial in the selected forum will be so difficult and inconvenient that the plaintiff effectively will be deprived of his day in court." Phillips, 494 F.3d at 392. Horn bases her challenge to the forum selection clause on the fourth factor - that forcing her to litigate in New York State court will effectively deprive her of her day in court.

In support of her argument, Horn asserts that without the broad subpoena power of the federal courts, she will be unable to acquire information and documents from approximately forty-nine of HGI's fifty-one clients who are located outside of New York, as well as approximately thirty suppliers, all of whom are international companies. Horn further argues that without the federal court's subpoena power, she will be unable to acquire necessary information from LGI, which is located in Florida.

The Supreme Court, however, has previously rejected the exact same argument posited by Horn. As the Court explicitly stated in Atlantic Marine, "a court evaluating a . . . motion to transfer based on a forum-selection clause should not consider arguments about the parties'

private interests." Atlantic Marine, 134 S. Ct. at 582. The Court went on to define "[f]actors

relating to the parties' private interests [to] include 'relative ease of access to sources of proof;

availability of compulsory process for attendance of unwilling, and the cost of obtaining

attendance of willing, witnesses; . . . and all other practical problems that make trial of a case

easy, expeditious and inexpensive." Id. at 582 n.6 (citing Piper Aircraft Co. v. Reyno, 454 U.S.

235, 241 n.6 (1981)). "When parties agree to a forum-selection clause, they waive the right to

challenge the preselected forum as inconvenient or less convenient for themselves or their

witnesses, or for their pursuit of the litigation." Atlantic Marine, 134 S. Ct. at 582. Rather,

"[w]hatever 'inconvenience' [the parties] would suffer by being forced to litigate in the

contractual forum as [they] agreed to do was clearly foreseeable at the time of contracting." Id.

(quoting The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 17-18 (1972)) (alteration in original).

Horn has, therefore, failed to rebut the presumption that the forum selection clause is

enforceable.

Based on the foregoing, the Court finds the forum selection clause contained in the

parties' Agreement enforceable. Accordingly, Kirey's motion to transfer venue is granted. The

Clerk of the Court is directed to transfer this action to the New York Supreme Court for Nassau

County.

## CONCLUSION

For the foregoing reasons, Defendant's motion to transfer venue pursuant to the doctrine of forum non conveniens, based on the forum selection clause contained in the parties' shareholders agreement, is granted. The Clerk of the Court is directed to transfer this action to the New York Supreme Court for Nassau County and mark this case closed.


**SO ORDERED:**

Dated: Central Islip, New York
        December 14, 2017

LEONARD D. WEXLER
United States District Judge